IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Tony Campbell

      Plaintiff,                  No. CIV S-04-2268 GEB CMK

      vs.

G. Woodford

      Defendant.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights claim pursuant to 42 U.S.C. § 1983. On October 25, 2004, plaintiff filed an application to proceed in forma pauperis along with a very vague complaint, which alleged a due process violation based on his right to file a 602 appeal. The October 25, 2004 complaint also referenced an Eighth Amendment violation stemming from an alleged delay in treating a rash.

        On March 23, 2004, the court granted plaintiff's request to proceed in forma pauperis but dismissed plaintiff's complaint with leave to amend within thirty days. The court also noted that plaintiff had simultaneously filed a complaint in Civ. Case Number S-04-1709 MCE CMK P and admonished the plaintiff against filing numerous cases with identical claims or causes of action.

///

Plaintiff has now filed two amended complaints, one on April 7, 2005 and one on April 12, 2005. The two amended complaints are substantially similar; both reference a rules violation received on January 24, 2005, which was supposed "to be heard in 30 days but no less than 24 hours after the copy was received by plaintiff, and it wasn't." (April 7, 2005 Am. Compl. at 1:11-12. & April 12, 2005 Am. Compl. at 1:15-16.) The court will only consider one of plaintiff's amended complaints. Accordingly, the court considers plaintiff's April 7, 2005 complaint, and orders the April 12, 2005 complaint stricken from the record.

The April 7, 2005 complaint alleges that defendants deprived plaintiff of his constitutional rights by not having the hearing process heard in the required time. However, it is clear that plaintiff is referring to a violation which occurred on January 24, 2005, not to the violation which he referenced in his October 2004 complaint. Plaintiff's April 7, 2005 amended complaint does nothing to clarify the defects in his original complaint—vague, conclusory statements which make it impossible for the court to tell if plaintiff has stated a claim upon which relief can be granted. It appears from plaintiff's Amended Complaint, as well as from his other complaint filed in Civ. Case Number S-04-1709 MCE CMK P, that plaintiff appears to be seeking redress for prison officials allegedly not holding timely hearings on rule violations.

It appears that administrative remedies may be available to address plaintiff's claim(s). See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Plaintiff is required to exhaust those administrative remedies before bringing a federal civil rights action. 42 U.S.C. § 1997e(a). A prison inmate in California can satisfy the exhaustion requirement by following the applicable procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.

After reviewing the complaint filed in this action, the court finds that plaintiff has failed to exhaust administrative remedies. Good cause appearing, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust administrative remedies.

These findings and recommendations will be submitted to the United States

1  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
2  twenty days after being served with these findings and recommendations, plaintiff may file
3  written objections with the court.  The document should be captioned "Objections to Findings
4  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
5  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
6  (9th Cir. 1991).

9  DATED:   May 6, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE